UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

Case Title:	Michael J. Caplan v. Telephone Technologies, Inc., et al.

Case Number:	04-01196

## Document Information

Description:	Memorandum Opinion re: [14-1] Motion to Transfer Venue of Adversary Proceeding by Government of the Virgin Islands .

Received on:	2005-10-26 12:12:00.000

Date Filed:	2005-10-26 00:00:00.000

Date Entered On Docket:	2005-11-04 00:00:00.000

## Filer Information

Submitted By:	Ellen Snyder

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

    **Colony Information Technology Corp.,**
    **Debtor.**        **No. 7-03-11161 MA**

**Michael J. Caplan, Trustee,**
    **Plaintiff,**

v.        **Adv. No. 04-1196 M**

**Telephone Technologies, Inc.**
**and Government of the Virgin Islands, a territory of**
**the United States of America,**
    **Defendants.**

## MEMORANDUM

THIS MATTER is before the Court on the Government of the Virgin Islands' Motion to Transfer Venue of Adversary Proceeding (the "Motion"). The Government of the Virgin Islands (the "GVI") requests transfer of this adversary proceeding to the District Court of the Virgin Islands, St. Thomas/St. John, Bankruptcy Division (the "Virgin Islands court"). Plaintiff filed the Trustee's Objection to Government of the Virgin Islands' Motion to Transfer Venue of Adversary Proceeding (the "Objection"). A hearing was held, and the Court took the Motion under advisement. Having considered the Motion, the Objection, the arguments and the applicable law, the Court finds that this adversary proceeding should not be transferred.

The factual allegations from the Complaint are as follows:

1. Colony Information Technology Corp. (the "Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code on February 14, 2003, and converted to a chapter 7 bankruptcy

1

proceeding on June 25, 2004.[1] Plaintiff is the Trustee of the Debtor's Chapter 7 bankruptcy estate.

2. From late 1996 until late 2000, several agencies of the GVI purchased computer products from the Debtor through Debtor's agent Telephone Technologies, Inc. ("TTI").

3. In the Complaint Plaintiff asserts claims against the GVI for debt and money due on open account and for breach of contract alleging that the GVI failed to pay for computer equipment that it purchased from the Debtor. The amount Plaintiff asserts is owed to the Debtor for this equipment is $110,317.50.

4. Plaintiff also alleges that the Debtor issued an invoice to the GVI for equipment purchased under purchase order PO 1502-PO-99. On or about September 5, 2001 the GVI issued payment for this equipment by check payable to TTI in the amount of $250,000.00. Plaintiff alleges that TTI should not have accepted the check and that TTI never forwarded the funds to the Debtor.[2]

Discussion

Title 28 U.S.C. § 1412 provides that a bankruptcy proceeding may be transferred "in the interest of justice or for the convenience of the parties." A court may transfer an adversary proceeding without transferring the bankruptcy case. *See* Rule 7087, Fed. R. Bankr. P. ("On motion and after a

---

[1] Colony Information Technology Corporation owns a subsidiary corporation named Colony Information Services Corporation ("CISC"). CISC filed a Chapter 11 bankruptcy proceeding on May 15, 2003, No.11-03-13944-MA. On June 12, 2003 the Court entered an Order Directing Joint Administration of CISC's and the Debtor's Chapter 11 cases. *See* No. 11-03-11161 MA, Docket No. 96. The jointly administered cases were both converted to Chapter 7 bankruptcy proceedings.

[2] Plaintiff alleges that TTI forwarded $36,920.72 of the check proceeds to the Debtor and placed the rest into an escrow account. TTI asserts a lien on the escrow funds for unpaid commissions from the Debtor. The Debtor is asserting claims against TTI in this proceeding to obtain the escrowed funds.

hearing, the court may transfer an adversary proceeding **or any part thereof** to another district pursuant to 28, U.S.C. § 1412, . . .")(emphasis added). The GVI bears the burden of proving that the transfer of this proceeding would be in the interest of justice or for the convenience of the parties and in so doing must overcome the presumption that a bankruptcy trustee is entitled to maintain his case in the venue in which he filed the proceeding. *See Hilgendorf v. Rockport National Bank (In re Wheeler),* 69 B.R. 29, 31 (Bankr. D. N.M. 1986)(denying transfer of preference action).

> The Court considers the following factors in deciding whether to transfer a proceeding:
>
> The relative ease of access to the sources of proof; the availability of compulsory process for attendance of unwilling witnesses and the cost of obtaining the attendance of willing witnesses; the enforceability of a judgment if obtained; the applicability of a particular state law and the local interest in applying that law through courts within the state; the responsibilities and difficulties of court administration; the relative advantages and obstacles to fair trial; and other practical matters which encourage the efficient and inexpensive trial of the case. *Id.* (citation omitted).

First, the GVI argues that the majority of relevant events, such as the agreement to purchase, the placing of orders to purchase, the receipt of the purchased equipment, and the preparation of documents accompanying each transaction, occurred in the Virgin Islands. Second, the GVI argues that all of the defendants and the majority of witnesses reside in the Virgin Islands. The GVI states that it would use testimony from employees of the various government agencies that purchased equipment from the Debtor. Another of the GVI's witnesses, Neville Prosper, president of TTI, lives in the Virgin Islands. The GVI asserts that it would be expensive to procure attendance of these witnesses at trial and that any unwilling witnesses are not subject to this Court's subpoena power for attendance either at depositions or at trial. Third, the GVI argues that Virgin Islands law would govern the causes of action

3

in the Complaint and that the breach of contract claim would involve construing the contract under Virgin Islands law. Fourth, the GVI argues that the bankruptcy estate would not be unduly burdened by the transfer because the Plaintiff can hire local counsel in the Virgin Islands to represent him. Fifth, the GVI argues that this proceeding is in a preliminary stage and is easily transferred to the Virgin Islands court without too much loss of time. Finally, the GVI argues that the outcome of this proceeding will have little impact on the administration of the bankruptcy estate given that prior to the bankruptcy filing and even while the Debtor was in chapter 11, the Debtor made no effort to collect the alleged debts. Moreover, after this proceeding was converted to a chapter 7, the Plaintiff filed this Complaint more than 18 months after he was appointed. The GVI contends that all of these factors support a transfer of this proceeding to the Virgin Islands court.

The Plaintiff argues that New Mexico rather than the Virgin Islands, is the primary location of evidence and witnesses necessary for this proceeding. Plaintiff states that the evidence will likely consist of documents, purchase orders and invoices, and testimony from the Debtor's former employees, all of whom reside in New Mexico, and from at least one representative of the GVI to show whether the GVI owes the Debtor payment for products delivered. The Plaintiff argues that only those witnesses with knowledge of the history of payments from the GVI, i.e. from the finance department, would be necessary, and it is doubtful that one employee from each department that ordered products from the Debtor would be necessary to the proceeding. Even if several witnesses are required to verify certain transactions, their testimony can be preserved for trial through deposition taken in the Virgin Islands. The Plaintiff contends that the GVI cannot defeat his choice of forum simply by stating an intention to call numerous witnesses beyond the state's subpoena power whose testimony

4

may be irrelevant or duplicative. The Court agrees with the Plaintiff that taking depositions in the Virgin Islands, with courts governed by the Federal Rules of Civil Procedure, is a viable alternative to trial testimony. Moreover, at this stage in the proceeding, the Court does not have enough information to determine how many witnesses would be necessary to the either party's case. Thus the Court cannot determine which side would bear a greater burden to obtain essential testimony. The GVI has not met its burden to show that the inconvenience to the GVI of obtaining testimony is greater than that of the Plaintiff. "[A] change of venue must do more than shift the inconvenience from one party to another." *Wheeler*, 69 B.R. at 31.

Next, the Plaintiff asserts that New Mexico law rather than Virgin Islands law would govern the issues in this case. Significantly, the agreements, purchase orders and invoices submitted to the Court by the Plaintiff do not contain choice of law provisions. Therefore, to determine whether Virgin Islands law or New Mexico law governs these claims, the Court applies New Mexico choice of law rules. *See generally, In re Poli,* 298 B.R. 557, 561 (Bankr. E.D. Va. 2003) (stating that the rule that federal courts sitting in diversity apply the choice of law rules of the forum state applies to bankruptcy courts when presented with situations invoking rights under state law). This proceeding involves claims arising from sales transactions between the Debtor and the GVI. The New Mexico law applicable to sales transactions is the New Mexico Uniform Commercial Code, NMSA §§ 55-1-101 et seq. (the "NMUCC"). According to the choice of law section of the NMUCC, in the absence of an agreement to apply another law to a commercial sales transaction, the NMUCC applies. *See* NMSA § 55-1-105(1)(". . . when a transaction bears a reasonable relation to this state and also to another state or nation the parties may agree that the law either of this state or such other state or nation shall govern

5

their rights and duties. Failing such agreement, the Uniform Commercial Code applies to transactions bearing an appropriate relation to this state."). Since the GVI submitted purchase orders to the Debtor at its New Mexico office, the Debtor sent invoices for shipments from its New Mexico office, and the GVI sent payments to New Mexico, the sales transactions bear an appropriate relation to New Mexico and the NMUCC governs these claims. Therefore, the GVI's assertion that Virgin Islands law is applicable is incorrect.[3]

The Trustee argues that its New Mexico counsel was hired on a contingency fee basis, and that it would be difficult to obtain such an advantageous arrangement in the Virgin Islands. The Plaintiff adds that New Mexico counsel have familiarity with the issues presented even though this proceeding is in the preliminary stages. Moreover, it would be an unnecessary drain on the assets of the estate available to creditors for the Plaintiff to hire local Virgin Islands counsel and to appear at a trial in the Virgin Islands. The fact that the Plaintiff did not file this proceeding until 18 months after the Plaintiff was appointed does not convince the Court that possible recovery on these claims is of little importance to the bankruptcy estate.

After balancing the relevant factors, the Court finds that the GVI has not met its burden to show that transfer of this proceeding to the Virgin Islands court is warranted either because transfer is in the interest of justice of for the convenience of the parties.

---

[3] The Court notes that there might not be a conflicts of law issue as to the claims against the GVI because the UCC also applies in the Virgin Islands. *See* 11A V.I.Code Ann. tit.1. et seq. (2002).

This Memorandum constitutes the findings of fact and conclusions of law of this Court pursuant to Rule 7052, Fed. R. Bankr. P. An appropriate order will be entered.

_____
MARK B. McFEELEY
UNITED STATES BANKRUPTCY JUDGE

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Willam F. Davis
Attorney for Plaintiff
P.O. Box 6
Albuquerque, NM 87103

Carol Thomas-Jacobs
Assistant Attorney General
for Virgin Islands
34-38 Kronprindsens Gade
GERS Complex 2nd Floor
St. Thomas, USVI 00801

_____
Ellen C. Snyder
Law Clerk

7