UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of 06/10/06  . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Michael J. Caplan v. Telephone Technologies, Inc., et al.

**Case Number:** 04-01196

## Document Information

**Description:** Order Granting [33-1] Motion to Depose Witnesses that Reside in the Virgin Islands and to use deposition of witnesses as evidence at trial by Government of the Virgin Islands .

**Received on:** 2006-04-18 12:55:43.000

**Date Filed:** 2006-04-18 00:00:00.000

**Date Entered On Docket:** 2006-04-18 00:00:00.000

## Filer Information

**Submitted By:** Ellen Snyder

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:

    Colony Information Technology Corp.,
    Debtor.                                   No. 7-03-11161 MA

Michael J. Caplan, Trustee,
    Plaintiff,

v.                                                                            Adv. No. 04-1196 M

Telephone Technologies, Inc.
and Government of the Virgin Islands, a territory of
the United States of America,
    Defendants.

## ORDER GRANTING MOTION TO DEPOSE WITNESSES
## TO PRESERVE TESTIMONY FOR TRIAL

THIS MATTER is before the Court on the Government of the Virgin Islands' Motion to Depose Witnesses That Reside in the Virgin Islands and to Use Deposition Testimony of Witnesses as Evidence at Trial (the "Motion"). The Plaintiff, Michael J. Caplan ("Plaintiff") filed an Objection, to which the Government of the Virgin Islands ("GVI") replied. Having reviewed the Motion, the Objection, and the Reply, and the applicable law, and being otherwise sufficiently informed, the Court will grant the Motion and will allow the GVI to take the deposition testimony of its witnesses to be offered at trial in lieu of live testimony.

Discussion

The GVI argues that the depositions are warranted under Rule 32(a)(3)(B), Fed.R.Civ.P., made applicable in bankruptcy adversary proceedings by Rule 7032, Fed.R.Bankr.P., which allows the use of deposition testimony at trial. The Rule states the following:

> (a) Use of Depositions. At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as admissible under the rules of

1

evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
. . .
(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:
. . .
(B) that witness is at a greater distance than 100 miles from the place of trial, . . . or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition[.]

Rule 32(a)(3)(B), Fed.R.Civ.P.

Plaintiff argues that depositions in lieu of live testimony should not be allowed because the deadline for discovery, January 20, 2006, has passed according to the Scheduling Order (Doc. No. 26), and the GVI has not shown good cause to modify the Scheduling Order under Rule 16(b), Fed.R.Civ.P.[1] According to Plaintiff, all depositions, whether to preserve trial testimony or for discovery purposes, are subject to the Scheduling Order and the strictures for modification, The GVI contends that even though discovery is closed, it should be permitted to take depositions because they are not part of its discovery, but are only a means to present testimony at trial. The GVI argues in the alternative that if the Court finds that good cause is necessary to allow these depositions, then it has shown that there is good cause to allow the depositions. The GVI asserts that the expense to transport several witnesses to New Mexico for trial is too burdensome when presentation of the witnesses' deposition testimony would be allowed pursuant to Rule 32, Fed.R.Civ.P.

Rule 32, Fed.R.Civ.P. allows admission of depositions under certain circumstances but

---

[1] Rule 16(b),Fed.R.Civ.P., applicable to this proceeding through Rule 7016, Fed.R.Bankr.P., states "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . .

does not distinguish between depositions for the purpose of discovery and depositions for the purpose of preserving testimony to be used at trial. *See Integra Lifesciences I, Ltd. V. Merck KGaA*, 190 F.R.D. 556, 558 (S.D.Cal. 1999)("Although Rule 32(a)(3)(B) & (E) provides circumstances under which depositions may be admissible as evidence at trial, that Rule does not distinguish between discovery and trial depositions or suggest when or under what circumstances a deposition to be used at trial should properly be taken."). Moreover, Rule 30, Fed.R.Civ.P., which governs depositions in general does not distinguish between types of depositions.

Although the Rules do not distinguish between discovery depositions and trial depositions, courts have recognized a difference as a practical matter. *See RLS Assoc., LLC v. United Bank of Kuwait, PLC*, 2005 W.L. 578917 at * 6 (S.D.N.Y. 2005)(unpublished) ("the majority of courts considering this issue have made what can only be described as a federal common law distinction between 'discovery depositions' and 'trial depositions' (or alternatively, 'preservation depositions.'), and have held the latter category permissible even after the discovery deadline had passed."); *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 354 (D. Colo. 2001)("[M]any courts recognize that 'the discovery cut-off' does not prevent a party from memorializing a witness' testimony in order to offer it at trial.'")(quoting, *Spangler v. Sears, Roebuck and Co.,* 138 F.R.D. 122, 123 (S.D.Ind.1991)); and *Spangler v. Sears, Roebuck & Co.*, 138 F.R.D. 122, 124 (S.D.Ind. 1991)(finding that the difference between discovery and trial depositions is recognized "[a]s a matter of custom or practice.").

Plaintiff argues that the Scheduling Order expressly requires notice of all depositions to be served and all depositions to be completed before the deadline:

> **January 20, 2006: Discovery completion deadline.** For purposes of this order, "completed" is defined as having served all . . . notices to take depositions . . . within a

3

> time frame which allows for . . . depositions . . . to be completed prior to the discovery deadline.

Scheduling Order, Doc. No. 26. Plaintiff argues that this language distinguishes this case from those allowing late trial depositions. Plaintiff argues further that the GVI has not shown good cause to modify the Scheduling Order under 16(b).

The Court agrees with the more flexible approach of the majority of courts allowing the taking of trial depositions to be offered in lieu of live testimony of an unavailable witness even though the discovery deadline has passed. Therefore, the Court will allow the depositions under the circumstances presented by this case.

THEREFORE, IT IS HEREBY ORDERED that the Motion is granted contingent upon the GVI reimbursing the bankruptcy estate for all reasonable expenses incurred by the Plaintiff's counsel to attend the depositions;

FURTHER ORDERED that by May 5, 2006 the GVI shall provide a list of all witnesses that it intends to depose;

FURTHER ORDERED that by July 7, 2006 all of the depositions must be completed; and

FURTHER ORDERED that counsel for the GVI and the Plaintiff shall agree to a schedule for the depositions and file the schedule with the Court by May 15, 2006.

_____
MARK B. McFEELEY
UNITED STATES BANKRUPTCY JUDGE

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

4

William F. Davis
Attorney for the Plaintiff
P.O. Box 6
Albuquerque, NM 87103

Carol Thomas-Jacobs
Assistant Attorney General GVI
34-38 Kronprindsens Gade
GERS Complex, 2nd Floor
St. Thomas, USVI 00801

_____
Ellen C. Snyder
Law Clerk